IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST SINGLETON, | ) | CASE NO. 4:20-cv-01914 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN MARK WILLIAMS, *et al.* | ) | |
| | ) | |
| Respondents. | ) | **REPORT & RECOMMENDATION** |

## I.   Background

On August 27, 2020, Petitioner Ernest Singleton ("Petitioner" or "Singleton") filed an Emergency Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), seeking that he be released to home confinement.  Doc. 1.  Singleton contends that his continued confinement at FCI – Elkton is in violation of his Fourteenth and Eighth Amendments, arguing that he is confined in a facility unprepared to handle the COVID-19 crisis.  Doc. 1.

The Court referred Singleton's Petition to the undersigned.  Doc. 3.  Pursuant to the undersigned's Initial Order (Doc. 5), on October 30, 2020, Respondent Mark Williams filed his Answer/Return of Writ, arguing that the Petition should be dismissed with prejudice because it is duplicative,[1] not viable under § 2241, and does not state an Eighth Amendment violation.  Doc. 8.  Under the Initial Order, Petitioner had thirty days, or until November 29, 2020, to file his

---

[1] Respondent asserts that the Petition is duplicative because Petitioner is a member of the class in a case pending in the Northern District of Ohio – *Wilson v. Williams*, Case No. 4:20-cv-00794 – wherein the class seeks the same relief that Petitioner seeks in the instant case. i.e.,  Doc. 8, p. 2.

1

Traverse.  *See* Doc. 5.  Prior to that deadline, on November 18, 2020, Singleton filed a Motion to Dismiss his Petition without prejudice.  Doc. 9.  Respondent's response to Singleton's Motion to Dismiss his Petition without prejudice was due on December 4, 2020.  *See* November 20, 2020, non-document order.  Respondent has not filed a response.

In his Motion, Singleton asserts that, due to the possibility of a positive COVID-19 test, it is possible that he will be moved to the SHU and unable to take items with him, including "legal materials."  Doc. 9.

For the reasons set forth herein, the undersigned recommends that the Court **GRANT** Petitioner's Motion to Dismiss his Petition without prejudice.

## II. Law and Analysis

A. Dismissals under Fed. R. Civ. P. 41(a)

Since Respondent has filed an Answer/Return of Writ and Respondent has not stipulated to Petitioner's voluntary dismissal, dismissal under Fed. R. Civ. P. 41(a)(1) is not authorized.  *See Peterson v. Smith*, 2010 WL 1433391, *2 (N.D. Ohio Feb. 17, 2010), *report and recommendation adopted*, 2010 WL 1433387 (N.D. Ohio Apr. 7, 2010).  Thus, Petitioner may voluntarily dismiss his Petition only by seeking and obtaining an order of the Court under Fed. R. Civ. P. 41(a)(2).  *Id.*; *Williams v. Caruso*, 2008 WL 544954, at *1 (E.D. Mich. Feb. 25, 2008 ("Fed. R. Civ. P. 41(a)(2) governs voluntary dismissals, and fully applies to federal habeas proceedings.").

"Whether a dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court."  *Peterson v. Smith*, 2010 WL 1433391, *2 (quoting *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 500 (6th Cir. 2007) (citing *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).  "In the context of a Rule 41(a)(2) dismissal without prejudice, an abuse of discretion is generally found 'only where the

defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.'" *Rosenthal*, 217 Fed. Appx. at 500 (quoting *Grover*, 33 F.3d at 718). The Sixth Circuit has set forth factors for a court to consider when determining whether a defendant will suffer "plain legal prejudice." *Grover*, 33 F.3d at 718 (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). Those factors are: (1) "defendant's effort and expense of preparation for trial"; (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) "insufficient explanation for the need to take a dismissal"; and (4) "whether a motion for summary judgment has been filed by the defendant." *Id.* ("*Grover* factors"). While courts consider the *Grover* factors when assessing whether a dismissal without prejudice is warranted, "[t]he factors are 'simply a guide for the trial judge, in whom the discretion ultimately rests.'" *Rosenthal*, 217 Fed. Appx. 502 (quoting *Kovalic*, 855 F.2d at 474).

**B.     Consideration of the *Grover* factors**

Although Respondent has filed an Answer/Return of Writ seeking dismissal of the case with prejudice, the Answer/Return of Writ consists of only seven pages and no state court or administrative record was compiled or filed. Additionally, Respondent has not opposed Petitioner's subsequently filed Motion to Dismiss his Petition without prejudice. Considering the foregoing, the undersigned finds that the first factor does not clearly weigh against dismissal without prejudice.

With respect to the second factor, Petitioner has not engaged in excessive delay or shown a lack of diligence with respect to prosecuting this case. Thus, the undersigned finds that the second factor does not weigh against dismissal without prejudice.

The undersigned finds that the third factor does not clearly weigh against dismissal without prejudice. Petitioner has explained why he is requesting dismissal without prejudice, i.e,

3

he anticipates possibly being unable to access legal materials.  Although at the time of filing his Motion to Dismiss, Petitioner had not tested positive for COVID-19 and had not been placed in isolation, he explained it was a possibility.  Thus, he was seeking to address potential inability to prosecute his case if placed in isolation.

With respect to the fourth factor, no motion for summary judgment has been filed.  However, in his Answer/Return of Writ, Respondent contends that the Petition should be dismissed with prejudice for various reasons.  Thus, although a motion for summary judgment has not been filed, given the bases upon which Respondent seeks dismissal of the Petition, the fourth *Grover* factor tends to weigh against dismissal without prejudice.  However, as noted above, after Petitioner sought dismissal without prejudice, Respondent did not file an opposition.

Considering the *Grover* factors and the circumstances of this case, the undersigned cannot conclude that dismissal without prejudice would cause Respondent to suffer "plain legal prejudice."

### III.    Recommendation

For the reasons set forth above, the undersigned recommends that the Court **GRANT** Petitioner's Motion to Dismiss his Petition without prejudice (Doc. 9).

December 21, 2020         */s/ Kathleen B. Burke*
                          Kathleen B. Burke
                          United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).